IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVONTAY JOHNSON | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-550 |
| UNKNOWN PRISON STAFF, *et al.*, | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Davontay Johnson, an inmate confined at the Estelle Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Patricia Banks, Donna Jones, Jajuan Davis, Marissa Velazco, William Ayer, and K. Smith.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendation for the disposition of the case.

Procedural Background

After several extensions and attempts at service, Plaintiff requested the court reissue summonses as to certain Defendants (doc. # 43). Plaintiff requested the summons be addressed to the Office of the Attorney General of Texas, Law Enforcement Defense Division, P.O. Box. 12548, Capital Station, Austin, Texas 78711. *Id*. On August 26, 2022, the undersigned ordered the Clerk of Court to re-issue summonses as to Defendants Patricia Banks and Donna Jones (doc. # 45). The undersigned specifically noted that by issuing the order, the court made no determination as to the propriety of the issuance of summons or ultimate service if effected. *Id*. The summonses were returned executed on October 17, 2022 (doc. # 53). On the Proof of Service form for both summonses, it was noted by Plaintiff that "this summons is being issued by me, the Plaintiff, through certified mail, restricted signature, given the fact that I am a pro se prisoner." *Id*.

Currently pending is an Amended Motion to Dismiss filed by Defendants Patricia Banks and Donna Jones pursuant to Federal Rule of Civil Procedure 12(b)(5) (doc. #s 54 & 58). Defendants argue that service by mail by a party is not proper. Plaintiff filed a response to both on November 14, 2022, and April 28, 2023, respectively (doc. #s 55 & 58). Plaintiff argues that the court should overlook the improper service and hold the Defendants responsible for their actions and notes that he asked for the court to order the Marshals to serve the Defendants, but the court declined to do so.[1]

Analysis

Rule 12(b)(5) authorizes the court to dismiss a case for "insufficient service of process." FED. R. CIV. P. 12(b)(5); *see also Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir.), *cert. denied*, 513 U.S. 1016 (1994). ""[T]o achieve proper service for purposes of Rule 12(b)(5), a party must follow the requirements of Rule 4 of the Federal Rules of Civil Procedure." *Rhodes v. J.P. Sauer & Sohn, Inc.*, 98 F. Supp. 2d 746, 748–749 (W.D. La. 2000). Rule 4(m) provides that if service is not perfected on a defendant within 90 days after the filing of the complaint and there is no showing of good cause for the failure to effect such service, a court is required to either dismiss the action without prejudice or order that service be made within a precise time. *See* FED. R. CIV. P. 4(m).

"When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Systems Signs Supplies v. U.S. Dept. of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (internal citations omitted). "[T]he claimant must make a showing of good faith and establish 'some reasonable basis for noncompliance within the time specified.'" *Id*. "[A] district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S. Dept. of Labor, Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986).

---

[1] Plaintiff paid the full $402.00 filing fee. As such, the court denied Plaintiff's request to order the Marshals to serve the Defendants as Plaintiff is not a pauper (doc. # 50). Plaintiff's current argument that he is now proceeding *in forma pauperis* is unavailing as he paid the full filing fee in this action.

Here, Plaintiff was provided an Advisory by the court regarding service on November 8, 2021 (doc. # 27). The Advisory informed Plaintiff that he should "properly effectuate service of a summons and complaint upon each Defendant promptly, and in **no event later than 90 days from entry of this order**." *Id*. The Advisory also informed Plaintiff that he must file a return (proof) of service with the Clerk of Court for each Defendant after service is made. *Id*. Finally, the Advisory outlined the requirements for service under the Federal and Texas Rules of Civil Procedure and specifically stated that "[t]he complaint and summons may be served by any person **who is not a party** and who is at least eighteen years of age." *Id*. (citing FED. R. CIV. P. 4(c)(2)).

On January 12, 2022, Plaintiff filed an Advisory with the court which included an affidavit sworn to by another inmate who stated he executed service of process by certified mail return receipt (doc. # 30). While the Affidavit stated it was his belief he faithfully executed the court's order, there was nothing attached to the affidavit nor was there anything in the record showing that proof of service for each Defendant was returned. *Id.*

On April 28, 2022, the undersigned entered an order giving Plaintiff thirty (30) days from entry of the order to file a completed return of service form to establish service of process on each Defendant (doc. # 33). Plaintiff was admonished that failure to provide the information may result in dismissal of his case for failure to serve pursuant to Federal Rule of Civil Procedure 4(m). *Id*.

On May 16, 2022, Plaintiff filed a Proof of Service form for Defendants Jajuan Davis, William Ayer, Donna Jones, Marissa Velazco, and Patricia Banks (doc. # 35). The Proof of Service forms were completed by another inmate who declared under penalty of perjury that he used certified mail return receipt for service as allowed under Texas Rule of Civil Procedure 106. *Id*. However, no acknowledgment card with a signature or date establishing actual proof of service was included. *Id*. Further, a notice attached also stated he thought he sent the summonses in December of 2021, but that they were returned due to lack of postage. *Id*. Because the record was unclear if proper service was effectuated, the undersigned entered another order on May 17, 2022, giving Plaintiff fifteen days to update the court as to the status of service of process on each Defendant (doc. # 36).

Plaintiff was admonished again that failure to comply may result in dismissal of this case for failure to serve pursuant to Federal Rule of Civil Procedure 4(m). *Id*.

On June 15, 2022, Plaintiff responded stating that the summonses were mailed in December of 2021 (doc. # 37). However, Plaintiff provided no acknowledgment card to establish a date that each Defendant was allegedly served.

As there was no indication in the record that the Defendants had been properly served, the undersigned entered a Report and Recommendation, recommending Plaintiff's claims against the Defendants be dismissed for failure to serve within 90 days pursuant to Federal Rule of Civil Procedure 4(m) (doc. # 39). Plaintiff requested another extension on August 17, 2022, which this court granted on August 23, 2022 (doc. # 44). Plaintiff also asked the court to re-issue summonses as outlined above, which was granted on August 26, 2022 (doc. #s 43 & 45). Plaintiff then asked for the court to order the U.S. Marshal's Office to serve the Defendants which this court denied on September 14, 2022 as Plaintiff is not a pauper (doc. #s 48 & 50).

As outlined above, Plaintiff was put on notice that service by a party is not proper and that he must serve the Defendants within 90 days. Despite that notice, Plaintiff attempted to serve Defendants Banks and Jones himself. The service is insufficient. When a district court finds insufficient process or insufficient service, it may either dismiss the suit for failure to effect service or quash the service, giving the plaintiff an opportunity to re-serve the defendant. *See Smith v. Sanders*, No. 3:12-CV-4377-M, 2017 WL 10701818, at *2 (N.D. Tex. July 6, 2017), *adopted by* No. 3:12-CV-4377-M, 2017 WL 10701866 (N.D. Tex. July 27, 2017); *Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 746 (N.D. Tex. 2013). The undersigned has given Plaintiff almost two years to properly effect service on the Defendants, but to no avail. Plaintiff has failed to show good cause for failing to properly serve the Defendants within the generous time frame allotted to him.

Recommendation

Plaintiff's claims against Defendants Patricia Banks and Donna Jones should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) and 4(m) without prejudice.

Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 1st day of August, 2023.

_____
Zack Hawthorn
United States Magistrate Judge